## Commonwealth v. Smith

*Lisa A. Green, assistant district attorney,* for the Commonwealth.

*William K. Sayer,* for defendants.

O'BRIEN, *J.,* October 29, 1993—

## FINDINGS OF FACT

(1) On June 10, 1993, two experienced state policemen, together with their trained dogs, were positioned at the Delaware River Bridge Toll Plaza on Interstate 80 in Monroe County, Pennsylvania. Their primary purpose was to "intercept contraband entering Pennsylvania."

(2) At approximately 11:30 a.m., three young black males, including the two defendants, were traveling in a 1991 Nissan sedan stopped in the "exact change" lane. The young men did not have the exact change and needed the assistance of a toll attendant to obtain the correct change.

(3) When one of the state policemen observed this occurrence, he asked the driver of the vehicle, defendant Smith, to pull over to the side of the roadway. The trooper gave the driver a written warning for not having the exact change and told him to "have a nice day."

(4) The trooper continued the conversation with the driver and asked him if he could search his car. Defendant Smith responded that he had an appointment and had to leave. However, the trooper persisted and in fact did search the passenger of the car, defendant Crawley, and found a marijuana cigarette in his sock.

(5) Upon this discovery, the trooper told the defendants that he would have his dogs search their car. In response to this statement, defendant Crawley said, "you'll find what you want under the passenger seat." A search under the passenger seat disclosed a package containing 82 grams of marijuana.

## DISCUSSION

Counsel for defendant has filed an omnibus pre-trial motion in the nature of a motion to suppress the marijuana found on the person of defendant Crawley and in the automobile operated by defendant Smith. The motion is predicated upon the holding by our Superior Court in *Commonwealth v. Lopez,* 415 Pa. Super. 252, 609 A.2d 177 (1992), *allocatur denied,* 533 Pa. 598, 617 A.2d 1273 (1992). In that case, Lopez and his wife were stopped by a police officer for failure to properly cross two chains between the rental truck and their car. The officer requested Lopez's driver's license, vehicle registration and the rental agreement for the truck. The papers were all in order. The officer then asked Lopez to exit the vehicle and walk to the rear. After explaining the towing violation, the officer questioned Lopez about the origin, destination, purpose and duration of his trip. The officer then radioed for assistance. The officer then asked Lopez if he would sign a voluntary consent form to allow the officers to search the vehicle. Lopez agreed and signed the consent form. Upon a search of the vehicle, approximately 76 pounds of marijuana was discovered. The Superior Court held that the continued detention and investigation of the motorist after the officer had concluded that his license and registration were in order and had explained the traffic violation, was an unreasonable seizure in violation of the Fourth Amendment of the United States Constitution.

We conclude that the holding in *Commonwealth v. Lopez, supra* is applicable to the facts of the case at bar. Indeed in the case at bar, the officer's violation of the defendants' rights is even more egregious since there was no consent to the search. When the trooper asked the defendants to search their car, they declined. However, he persisted until he achieved his objective. Although the trooper testified that he saw a marijuana seed visible in the defendant's car from the outside,

we reject this testimony as not credible. The supposed marijuana seed was presented in evidence at hearing and it clearly was so minute as not to be identifiable from such a distance. The additional reason given by the officer for stopping the defendants was that they were traveling from New York which is a "source city." We hesitate to contemplate the traffic jams on interstate highways which might occur if the police were entitled to stop every person leaving New York City to search for drugs. Therefore, we conclude as did President Judge Marsh in *Commonwealth v. Porter,* 39 Monroe L.Rep. 45 (1993), that such conduct by the police constitutes an illegal detention violative of the constitutional rights of the defendants.

## CONCLUSIONS OF LAW

(1) The continued detention and investigation of the defendants after the warning had been issued for the minor traffic violation constituted an unreasonable seizure in violation of the Fourth Amendment of the United States Constitution.

(2) The officers had no reasonable grounds to either arrest or search the defendants following the traffic stop.

(3) The officers had no reasonable suspicion of illegal activity so as to justify a *"Terry* stop" following the traffic stop.

(4) The fruits of the search of both the defendant's person and automobile must be suppressed.

## ORDER

And now, October 29, 1993, the omnibus pre-trial motion by defendants Derrick L. Smith and Omar L. Crawley in the nature of a motion to suppress is granted.